# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 996 | **DATE** | November 5, 2002 |
| **CASE TITLE** | Hach v. Laidlaw Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____ . |
| (3) | ☐ | Answer brief to motion due_____ . Reply to answer brief due_____ . |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____ . |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____ . |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____ . |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] |

The defendants' motion to dismiss the complaint [ ] is granted in part and denied in part. See reverse/attached for details.

The case is set for status on December 11, 2002 at 10:30 a.m.

Plaintiff's motion to strike an exhibit attached to defendants' reply memorandum [ ] is granted. (The court did not rely on this exhibit in ruling on the motion to dismiss, and the court grants the motion to strike not on the merits but as a means of avoiding an unnecessary issue.)

| (11) | x | [For further detail see order (on reverse side of/attached to) the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | U.S. DISTRICT COURT | NOV 7 2002 | |
| | Notified counsel by telephone. | CLERK | date docketed | 24 |
| | Docketing to mail notices. | 02 NOV -6 PM 4:42 | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to _____ | FILED-ED 10 | date mailed notice | |
| KAM | courtroom deputy's initials | | | |

# ORDER

The defendants' motion to dismiss the complaint [ ] is granted in part and denied in part, as follows: The motion is granted as to Count I, and Count I is dismissed to all defendants; the motion to dismiss Count II is denied as to the defendants Laidlaw Transit, Inc. and John R. Grainger; the motion is allowed as to the defendant Peter Widdrington, and Count II is dismissed as to Widdrington; the motion to dismiss Counts III and IV is denied; and the motion to dismiss Count V is granted; the defendant Laidlaw Transit, Inc., is dropped from Count III.

This case is set for status on December 11, 2002 at 10:30 a.m.

Plaintiff's motion to strike an exhibit attached to defendants' reply memorandum [ ] is granted. (The court did not rely on this exhibit in ruling on the motion to dismiss, and the motion to strike is granted not on the merits but as a means of avoiding an unnecessary issue.)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT E. HACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 996 |
| | ) | |
| LAIDLAW TRANSIT, INC., D/B/A | ) | |
| LAIDLAW EDUCATION SERVICES, PETER | ) | |
| WIDDRINGTON and JOHN R. GRAINGER, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

Robert E. Hach, the plaintiff in this diversity case, sues his former employer, Laidlaw Transit, Inc., and two individuals, Peter Widdrington and John R. Grainger, alleging defamation, intentional interference with reasonable business expectancy, and breach of implied contract.

The defendant Laidlaw Transit, Inc. is a wholly owned subsidiary of Laidlaw, Inc., a Canadian Corporation that is presently in bankruptcy.

Beginning in the early 1990s, Hach was employed in a series of executive positions with Laidlaw Education Services ("Laidlaw Education"), a division of Laidlaw Transit, Inc. Laidlaw Education is the largest provider of school business transportation services in North America. Neither Laidlaw Transit, Inc. nor Laidlaw Education is in bankruptcy.

The defendant John R. Grainger served in various executive positions with Laidlaw, Inc. and served on its board of directors as well as the board of Laidlaw Transit, Inc. The defendant Peter Widdrington served as chairman of the boards of directors of both Laidlaw, Inc. and Laidlaw Transit, Inc.

The complaint alleges that when Laidlaw, Inc. went bankrupt, Grainger and Widdrington conspired with each other to oust plaintiff from his position as president and chief executive officer of Laidlaw Education and to obtain the position for Grainger. This was allegedly accomplished by a series of defamatory statements that Grainger made about plaintiff at the October 12, 2001 meeting of the Laidlaw, Inc. board of directors. The complaint alleges that Grainger told the directors on that occasion:

(i) that Hach's management posture and attitude was that of a victim and not that of a winner;

(ii) that the operating results of Laidlaw Education under Hach's management were dwindling;

(iii) that Hach's management opinions and estimates as to Laidlaw Education's future performance were fragile and weak;

(iv) that Hach's management of his subordinates caused disruption over the issue of centralization of operations at Laidlaw Education;

(v) that Hach's management destroyed the previously healthy working relationship between Laidlaw Education and the Company personnel located in Burlington, Ontario; and

(vi) that because of Hach's failing management Hach should be terminated as President and Chief Executive Officer of

Laidlaw Education and that Grainger should take said positions.

(Complaint, ¶ 26). The complaint alleges that Widdrington was present at the meeting and, "by his silence, affirmed Grainger's false utterances to the members of the Board of Directors of Laidlaw, Inc." Id. at ¶ 28.

As a result of these statements by Grainger, the Laidlaw, Inc. board of directors terminated Hach as president and chief executive officer of Laidlaw Education and replaced him with Grainger.

The complaint alleges specifically why each of Grainger's statements to the board of directors was false, describing in detail Hach's outstanding performance throughout his employment with Laidlaw Education and specifically how the company prospered under his direction.

The defendants have filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that none of the five counts states a claim upon which relief can be granted.

### The Defamation Counts

Count I sets forth the statements made by Grainger at the October 12 meeting and alleges that because they "falsely imputed a lack of ability on the part of Hach to perform, manage and engage in his profession and business," the statements were "defamatory per se." Complaint, ¶ 40.

Certain categories of defamatory statements are considered to be so injurious to reputation that no proof of special damage is required. Damage is presumed. One of these categories of "per se" defamation is "words that prejudice a party, or impute lack of ability, in his or her trade, profession or business." Bryson v. News America Publications, Inc., 672 N.E.2d 1207, 1215 (Ill. 1996). The per se rule is subject to the companion rule that a statement "will not be found actionable per se if it is reasonably capable of an innocent construction." Id. Importantly, "[w]hether a statement is reasonably susceptible to an innocent interpretation is a question of law for the court to decide." Id. Bryson dealt with a different category of per se defamation, imputation of fornication or adultery, and so is factually inapposite here. A case more useful on the facts is Anderson v. Vanden Dorpel, 667 N.E.2d 1296 (Ill. 1996), which applied the innocent construction rule in an employment context. Plaintiff in that case brought suit against a former employer, alleging that defendant had defamed her by informing a prospective employer that she "did not follow up on assignments." Id. at 1298. The Illinois Supreme Court stated:

> We believe that Vanden Dorpel's alleged comment regarding the plaintiff's failure to follow up on assignments may be innocently construed and hence may not form the basis for a per se action. We agree with the defendants that the remark, construed in context, may be understood to mean simply that the plaintiff did not fit in with the organization of the employer making the assessment and failed to perform well in that particular job setting, and not as a comment on her ability to perform in other, future positions.

_Id._ at 1302. The _Anderson_ opinion discusses several other cases which had construed critical comment concerning a plaintiff's job performance as imputing simply a failure to perform satisfactorily in that particular job setting, not an inability to perform that kind of job regardless of the setting. We are persuaded by the _Anderson_ discussion that Count I of Hach's complaint does not allege defamation _per se_. Each of the statements allegedly made by Grainger is context-specific, and none of them imputes a general inability to perform comparable work in some other setting.

Accordingly, Count I will be dismissed for failure to state a claim for _per se_ defamation.

### Count II - Defamation Per Quod

A different Latin name is used to describe a defamation action in which "the defamatory character of the statement is not apparent on its face, and extrinsic facts are required to explain the defamatory meaning." _Anderson_ at 1303, citing _Kolegas v. Heftel Broad._, 607 N.E.2d 201 (Ill. 1992). Such an action is one for defamation _per quod_. In that kind of action, damages are not presumed but must be specially pleaded and proved. _Id._ Count II of Hach's complaint purports to allege defamation _per quod_, setting forth the statements made by Grainger, explaining why the statements were false and alleging that as a result of the defamatory statements plaintiff was discharged from his employment

with Laidlaw Education, suffering a loss of income and other financial benefits.

Defendants move to dismiss Count II on several grounds. First, they argue that special damages are not sufficiently pleaded. It is true that plaintiff cannot recover under Count II for his claimed "loss of his professional standing in the community," but the claimed "loss of his annual lucrative compensations, plus retirement and other benefits that, but for Grainger's, Widdrington's, and Laidlaw Transit, Inc.'s slanders, he would have received for many years," is clearly a sufficient allegation of special damage.[1]

Another ground asserted by defendants for dismissal of Count II is that the statements made by Grainger were simply opinions, not statements of fact that can be shown to have been either true or false. Proof of defamation requires a showing of falsity (truth is a complete defense, see Haynes v. Alfred A. Knopf, Inc., 8 F.3d 1222, 1228 (7th Cir. 1993)), and it is in the nature of an opinion that it is not demonstrably true or false.

Moreover, opinions, as opposed to statements of fact, enjoy First Amendment protection and are not actionable as defamation.

---

[1]  The defamation counts are brought against all three defendants, alleging that Grainger and Widdrington acted as "agents" of Laidlaw, Inc. in making the defamatory statements. We are not clear how the interests of Laidlaw, Inc. were advanced by the discharge of Hach from the employ of Laidlaw Education, and we would question whether this "agency" can be proved. However, that factual issue is not before us at this time.

Quinn v. Jewel Food Stores, Inc., 658 N.E.2d 1225, 1229-30 (Ill. App. Ct. 1995).

Defendants argue that all of Grainger's statements were opinions; plaintiff counters that none of them were. We think some were and some were not. The assessment must be made in light of what the complaint alleges about Hach's accomplishments at Laidlaw Education and the alleged lack of any factual basis for finding fault with his performance. For purposes of this motion, we must assume the truth of these allegations.

Taking Grainger's alleged statements one at a time, our conclusions are as follows:

**Statement (i)**: "That Hach's management posture and attitude was that of a victim and not that of a winner."

We think the words used in this statement are too vague to permit proof that the statement was true or false. What is a "posture?" An "attitude?" A "victim?" A "winner?" What did Grainger mean by these words, and what did each of the members of the board of directors understand each of the words to mean? It is difficult to imagine what kinds of evidence the parties would submit at trial, and in any event we doubt that a manageable issue could be framed for the jury.

**Statement (ii)**: "That the operating results of Laidlaw Education under Hach's management were dwindling."

We have no problem with this as a statement that was either true or false (especially if, as alleged in the complaint, the profits of Laidlaw Education continually escalated under Hach's management). The jury can be given the dictionary definition of "dwindle"[2] and can be asked to find whether the statement was true or false. Cf. Quinn, 658 N.E.2d at 1231 (illustrating use of a dictionary in a defamation case).

**Statement (iii)**: "That Hach's management opinions and estimates as to Laidlaw Education's future performance were fragile and weak."

Whether this can be regarded as a factual statement will depend upon what Hach's "management opinions and estimates" actually were and whether there is a factual basis upon which the jury could determine whether they were timid or, on the other hand, realistic or even optimistic in light of Laidlaw's actual prospects. This could turn out to be something that is not factually provable, but that remains to be seen.

**Statement (iv)**: "That Hach's management of his subordinates caused disruption over the issue of centralization of operations at Laidlaw Education."

"Disruption" is somewhat vague, but what if the facts show there was no problem whatever, which is what we would assume to be true from the allegations of the complaint? If Hach's subordinates

---

[2]  "To become steadily less: diminish in size, amount, or quality: SHRINK." *Webster's Third New International Dictionary*, 706 (1971).

can be shown to have been content with the centralization of operations, and there was no commotion over the issue, this statement could be found to have been factually untrue.

> **Statement (v)**: "That Hach's management destroyed the previously healthy working relationship between Laidlaw Education and the Company personnel located in Burlington, Ontario."

The word "destroyed" is specific enough to be capable of proof or disproof.

> **Statement (vi)**: "That because of Hach's failing management, Hach should be terminated as President and Chief Executive Officer of Laidlaw Education and that Grainger should take said positions."

Everything here is an opinion except the introductory phrase "that because of Hach's failing management ...." "Management" is a broad term, and its meaning in this specific context is problematic. And what is "failing" management? Apparently it would not need to be totally failing, but only sufficiently failing to justify Hach's replacement. How failing would that be? In sum, we think this is a statement that could not be shown in a trial to have been either true or false.

The motion to dismiss will be denied as to statements (ii), (iii), (iv) and (v) and granted as to statements (i) and (vi).

## The Defamation Claim Against the Defendant Widdrington

Widdrington is not alleged to have made the defamatory statements but simply to have been present when they were made, to have known they were false, and to have remained silent. He argues

that this is not enough for liability, and we agree. Plaintiff has cited no authority for an affirmative duty to contradict a defamatory statement made by another. Count II alleges that Grainger and Widdrington had a "plan" to get rid of Hach, but it does not specifically allege that the plan contemplated that Grainger would make the specific defamatory statements he allegedly made to the Board. Even if it did, it would be necessary to allege facts that would support some kind of aiding and abetting theory some assistance that Widdrington rendered that made Grainger's defamation more likely to be acted on by the Board, for instance.

The only authority plaintiff cites in support of Widdrington's liability is <u>Van Horne v. Muller</u>, 705 N.E.2d 898 (Ill. 1998). The case is clearly distinguishable because the accomplice there, unlike Widdrington, actually joined the principal defendant in making the defamatory statements. <u>Id.</u> at 718, 720.

Count II will be dismissed as to the defendant Widdrington for failure to state a claim.

### Count III - Intentional Interference
### With Hach's Reasonable Business Expectancy

Count III alleges that the defendants, by means of the defamation alleged in the previous counts, caused Hach to lose what he reasonably expected would be continued employment with Laidlaw Education. All three defendants, including Laidlaw Transit, Inc., are named as defendants in the count, and, by reason of the incorporation of allegations from earlier portions of the

complaint, Grainger and Widdrington are alleged to have acted as agents of Laidlaw Transit, Inc. Because of this, defendants have moved to dismiss, arguing that as a matter of law an employer cannot interfere with its own business relationship with its employees. Moreover, since the count alleges that Grainger and Widdrington were acting within the scope of their authority as agents of Laidlaw Transit, Inc., plaintiff cannot show that they were acting contrary to the interests of the corporation, a necessary allegation of an intentional interference claim.

In response, plaintiff states that the inclusion of Laidlaw Transit, Inc. in Count III was inadvertent and, in effect, asks that the corporation be dropped from Count III. It is clear from the allegations of Count III that plaintiff intends to allege that Grainger and Widdrington were not acting in the interest of Laidlaw Transit, Inc., but, rather, in the interest of Grainger: "[B]oth Widdrington and Grainger knew that the sole reason for getting rid of Hach and replacing Hach with Grainger as President and Chief Executive Officer of Laidlaw Education was not to benefit or further the corporation, nor for any reasonable and legitimate business reason, but solely to personally benefit Grainger ...." Complaint, ¶ 64.

Laidlaw Transit, Inc. will be dropped from Count III, and the motion of the defendant Grainger to dismiss Count III will be denied.

The defendant Widdrington moves to dismiss Count III, again on the ground that his silence does not provide a basis for liability. We agree, and will dismiss Count III as to the defendant Widdrington.

### Count IV - Conspiracy to Interfere with Reasonable Business Expectancy

Defendants move to dismiss this claim on the basis that there is no independent tort of civil conspiracy, but only an action for a conspiracy to commit an underlying substantive tort. Because defendants believe Count III fails to state a claim against any defendant, they argue that Count IV should be dismissed as well. However, since we have held that Count III does state a claim as to Grainger, we will allow Count IV to stand as to all three defendants, Grainger, Widdrington and Laidlaw Transit, Inc.[3]

### Count V - Breach of Implied Contract

Count V of the complaint, brought against Laidlaw Transit, Inc. only, is based upon a theory of a contract implied in fact. When Hach was discharged by Laidlaw Transit, Inc., he was tendered a severance agreement which included a 2-stage payment rather than a payment in one lump sum, and which also included a non-compete clause. He alleges in Count V that all other executives who left the employ of Laidlaw were given severance agreements providing for

---

[3]     The parties have not briefed the question of whether Widdrington and Laidlaw Transit, Inc. can be liable as conspirators even though they are not liable on the substantive count, and we will not address the issue at this time.

one lump-sum payment and containing no non-compete provisions. He alleges that this "policy" of Laidlaw Transit, Inc. amounted to a promise implied in fact by Laidlaw that, if and when Hach's turn came, he would be tendered the same kind of severance agreement.

We agree with Laidlaw that the allegations of Count V fail to state a claim. Hach may have had reason to hope that he would be treated the same as the other executives, but we find no factual allegations which, if proved, would establish that Laidlaw Transit, Inc. had impliedly promised to do that.[4]

Count V will be dismissed for failure to state a claim upon which relief can be granted.

### Conclusion

In summary, the court's rulings on the defendants' motion to dismiss the complaint are as follows:

The motion is granted as to Count I, and Count I is dismissed as to all defendants.

The motion to dismiss Count II is granted in part and denied in part as to the defendants Laidlaw Transit, Inc. and John R. Grainger. The motion is granted as to the defendant Peter Widdrington, and Count II is dismissed as to Widdrington.

---

[4] Laidlaw Transit, Inc. argues that in fact the circumstances were different as to each of these other executives, but, for purposes of this motion, we will assume there were no material differences.

The motion to dismiss Count III is denied as to the defendant Grainger and granted as to the defendant Widdrington. The defendant Laidlaw Transit, Inc., is dropped from Count III.

The motion to dismiss Count IV is denied as to all defendants.

The motion to dismiss Count V is granted.

Date:     November 5, 2002

ENTER:

John F. Grady, United States District Judge